UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHISLAINE PAUL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case: 1:16-cv-00688  (F-Deck) ) Assigned To : Unassigned ) Assign. Date : 4/12/2016 |
| NOUBAR AGOP DIDIZIAN, *et al.*, | ) Description: Pro Se Gen. Civil ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and her *pro se* civil complaint. The application will be granted, and the complaint will be dismissed.

Plaintiff is a former employee of the District of Columbia Public Schools who sustained injuries in May 2002 for which she obtained disability compensation benefits. *See* Compl. at 2. She states that her benefits were terminated in September 2009 "based on an Independent Medical Examination" performed by Dr. Didizian in May 2007 indicated "that she could return to her pre[-]injury position." *Id.* She purports to bring this action under 42 U.S.C. § 1983, and "pleads for reinstatement of her disability benefits and payment of damages of $10[,]000.00 for each day that she has been denied medical treatment since 2002[.]" *Id.*

To state a claim under § 1983, a complaint must allege facts sufficient to show that a person acting under color of State or District of Columbia law committed an action which deprived the plaintiff of rights protected under the United States Constitution or federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A "person" for purposes of § 1983 can be a municipality, such as the District of Columbia, *see Monell v. Dep't of Soc. Servs. of the City of New York*, 436

U.S. 658, 690 (1978) (defining "person" to include municipalities and local government entities), and a successful claim against the District of Columbia calls upon the court to determine "whether the complaint states a claim for a predicate constitutional violation [and] whether the complaint states a claim that a custom or policy of the municipality caused the violation," *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). This complaint neither identifies a constitutional violation nor makes factual allegations to support a municipal liability claim against the District of Columbia.

Furthermore, it appears that the doctrine of *res judicata* bars plaintiff's claims against Dr. Didizian. In a prior civil action, plaintiff sued Dr. Didizian for medical malpractice arising from the same independent medical examination mentioned in the instant complaint, and those claims were dismissed, with prejudice, as time barred. *Paul v. Didizian*, 292 F.R.D. 151, 157 (D.D.C. 2013) *aff'd*, No. 13-7132, 2014 WL 590628 (D.C. Cir. Feb. 7, 2014). Thus, because there has been a prior judgment on the merits of a claim, plaintiff cannot relitigate the same claim, or any other claim that she might have brought against him. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *Natural Res. Def. Council, Inc. v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988).

Where, as here, a complaint fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), it is subject to dismissal. An Order is issued separately.

DATE: 4/4/2016

_____
United States District Judge